309 So.2d 743 (1975)
Gordon BRIEN, Sr.
v.
QUALITY TRANSPORT, INC., et al.
No. 6690.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1975.
Authement & Weeks, Houma, for Gordon Brien, Sr., plaintiff-appellee.
James F. Holmes, Christovich & Kearney, New Orleans, for Quality Transport, Inc., defendant-appellant.
Before GULOTTA, STOULIG and BOUTALL, JJ.
BOUTALL, Judge.
This is an appeal from a judgment of the lower court awarding plaintiff $12,650.00 in special damages for an accident caused by the negligence of defendants. Although the trial judge did not list the items of damage, defendant has appealed solely on the basis that certain of the items that were sued for and must have been the basis of the trial judge's award should not have been considered.
Plaintiff is an independent truck operator who owns two trucks. This accident occurred on April 24, 1972. At the time of the accident plaintiff had leased one of his trucks to a Mr. Chauvin for a period of 3 *744 to 4 weeks at $110 a day and was using the other truck (the one in collision) on a job he had. Following the accident Brien went and reclaimed the truck he had leased in order to complete the job that the damaged truck was pursuing. Brien also attempted to lease a truck from a local commercial leasing company, but was unable to obtain a suitable truck until May 13, 1972.
The defendant concedes that plaintiff is entitled to $5,494.70 in itemized damage to the truck. He disputes plaintiff's claim for the cost of leasing a truck until his damaged truck was repaired and the loss of profits from the lease with Mr. Chauvin, alleging this to be a duplication of damages and contends plaintiff is entitled to one or the other of these items, but not both. We disagree since the facts show no duplication.
Plaintiff was the owner of two trucks. When one was damaged he is not put back into the position he was before the accident until he has the use of two trucks again. Brien did not receive his damaged truck from the repair shop until June 2, 1972. Because he was unable to obtain a leased truck until May 13, the plaintiff's damage during this period (April 24-June 2) is best itemized by using two variables. The fact that two variables are used to arrive at a single item of damage is certainly not error by the trial court. Brien's lease with Chauvin was to extend at least through May 13, therefore the loss of profits Brien incurred during that period (19 days) is the best evidence of his loss. After Brien was able to lease a suitable truck the best evidence of his loss was the cost of leasing the truck. These two variables do not overlap, as defendant contends, and are the proper measure of plaintiff's loss. For the period of April 24-June 2, plaintiff's damages for being without the use of his truck total $4,037.79, consisting of $2,090.00 in lost profits on the lease and $1,947.79 as the cost to Brien for leasing another truck.
We have now accounted for $9,532.49 of the $12,650.00 unitemized judgment given by the lower court. Plaintiff asked for one remaining item of damage which we feel amply accounts for the remaining $3,117.51.
After receiving the repaired truck on June 2, plaintiff noticed that the frame was bent. He obtained an estimate of the cost of repairing the frame, which was $4,468.36, however this work was never done. Instead of making these repairs, Brien traded the truck in on a new truck. The person who took the damaged truck in trade testified that he lowered the value of the trade-in by $2,500 or $3,000 because of the frame damage. There is no evidence that this frame damage was not caused by the accident of April 24 and we feel that the trial judge had ample evidence before him to grant Brien an award for the bent frame. We cannot say that an award of $3,117.51 for the damaged chassis is manifest error and for that reason we affirm the judgment of the lower court at appellant's cost.
Affirmed.